IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:<br>)<br>) **1:12-cv-0275 SEB-TAB** |
| Celadon Trucking Services, Inc. | )<br>)<br>) |
| Defendant. | ) COMPLAINT AND JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Anthony Stinard, William Lee, Gregory Thurman, Steve Costello, Danny McNabb, Stephen Hudetts, Lana Langley, Myron Henderson, Iffa Bogan, Mark Helberg, William Smith, Stephen Allums, Robert Perry, Francis Taylor, Lawrence Meyer, and Juan Lopez, Jr. and a class of applicants for truck driving positions who were adversely affected by such practices. The Commission alleges that Defendant Celadon Trucking Services, Inc. violated the Americans with Disabilities Act ("ADA") by refusing to hire Hudetts, Meyer, Smith, and Thurman and a class of qualified applicants for employment as truck drivers because of disability. The Commission further alleges that Defendant violated the ADA by maintaining a policy and engaging

in a pattern or practice which subjects all applicants for truck driving positions to pre-offer disability-related inquiries. The pre-offer disability-related medical inquiries and examinations included, but were not limited to, vision and hearing screenings, blood and urine tests, blood pressure checks and other cardiovascular examinations as well as requests for the applicants' medical histories and lists of medications prescribed to the applicants.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42

U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and 3 and § 2000e-6.

4. At all relevant times, Defendant (the "Employer") has continuously been a corporation doing business in the State of Indiana and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, the above-named individuals filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 1, 2009, Defendant Employer has engaged in unlawful employment practices in violation of Section 102(a) and (d)(2)) of the ADA, 42 U.S.C. §§ 12112(a), (b)(6) and (d)(2). The practices include:

   a. maintaining a policy and engaging in a pattern or practice of subjecting all applicants for truck driving positions to pre-offer disability-related inquiries and examinations during Defendant's pre-

offer driver orientation program. These pre-offer disability-related medical inquiries and examinations included, but were not limited to, vision and hearing screenings, blood and urine tests, blood pressure checks and other cardiovascular examinations as well as requests for the applicants' medical histories and lists of medications prescribed to the applicants. These inquiries proximately and legally resulted in tangible harm to qualified applicants who met the standards for truck drivers set forth by the Department of Transportation/Federal Motor Carrier Safety Administration, including rejection for hire based on information obtained from these impermissible pre-offer disability-related inquiries.

b. failing and refusing to hire Stephen Hudetts, who at all times relevant was qualified for the position of truck driver and met the standards for truck drivers set forth by the Department of Transportation/Federal Motor Carrier Safety Administration, because of Mr. Hudetts' disability, a hearing impairment and/or because Defendant regarded Mr. Hudett as having a disability, i.e., a hearing impairment.

c. failing and refusing to hire Lawrence Meyer, who at all times relevant was qualified for the position of truck driver and met the standards for truck drivers set forth by the Department of Transportation/Federal Motor Carrier Safety Administration, because

of Mr. Meyer's disability, a hearing impairment and/or because Defendant regarded Mr. Meyer as having a disability, i.e., a hearing impairment.

d. failing and refusing to hire William Smith, who at all times relevant was qualified for the position of truck driver and met the standards for truck drivers set forth by the Department of Transportation/Federal Motor Carrier Safety Administration, because of Mr. Smith's disability, a hearing impairment and/or because Defendant regarded Mr. Smith as having a disability, i.e., a hearing impairment.

e. failing and refusing to hire Gregory Thurman, who at all times relevant was qualified for the position of truck driver and met the standards for truck drivers set forth by the Department of Transportation/Federal Motor Carrier Safety Administration, because of Mr. Thurman's disability, deep venous thrombosis. At the time of his application, Mr. Thurman was taking a blood thinner prescribed by his physician to treat his impairment. Defendant was aware that Mr. Thurman was taking this medication. Mr. Thurman's impairment substantially limits his circulatory system functioning, and Defendant regarded Mr. Smith as having a disability in that it refused to hire him because of his impairment.

    f.   failing and refusing to hire a class of unidentified applicants for driver positions based on their disabilities and/or their perceived disabilities even though these applicants were at all times relevant qualified for the position of truck driver and met the standards for truck drivers set forth by the Department of Transportation/Federal Motor Carrier Safety Administration. Upon information and belief, after subjecting these applicants to the unlawful pre-offer disability-related inquiries described above, Defendant rejected them from employment based on impairments that substantially limit a major life activity and/or regarded them as having disabilities by rejecting them based on actual or perceived impairments.

    g.   using qualification standards or selection criteria that screen out or tend to screen out a class of individuals with disabilities. Defendant's practice of conducting the pre-offer disability-related inquiries and physical examinations described in paragraph 8(a) above in a manner which is inconsistent with the standards articulated by the Department of Transportation/Federal Motor Carriers Administration, and then using the results of those inquiries and examinations to reject applicants for employment, tended to exclude a class of individuals with disabilities from employment even when those individuals at all times relevant met the standards for truck drivers set forth by the Department of Transportation/Federal Motor Carrier Safety Administration.

9. The effect of the policy and practices complained of in paragraph 8 above has been to deprive a class of truck drivers of equal employment opportunities and otherwise adversely affect their ability to become employed with Defendant and/or other motor carriers.

10. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 8 above were and are being done with malice or with reckless indifference to the federally protected rights Anthony Stinard, William Lee, Gregory Thurman, Steve Costello, Danny McNabb, Stephen Hudetts, Lana Langley, Myron Henderson, Iffa Bogan, Mark Helberg, William Smith, Alfred Honeycutt, Stephen Allums, Robert Perry, Francis Taylor, William Stewart, Lawrence Meyer, and Juan Lopez, Jr. and a class of truck drivers who were adversely affected by such practices outlined in paragraph 8.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Enjoin Defendant Employer, its officers, employees, agents, servants, attorneys, successors, assigns, and all persons in active concert or participation with it, from subjecting applicants to unlawful disability-related medical inquiries and from discriminating against applicants on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, that prohibit Defendant Employer from subjecting applicants to unlawful disability-related medical inquiries, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make Hudetts, Meyer, Smith, and Thurman as well as the class of qualified applicants who were denied employment because of disability and the class of applicants subjected to unlawful disability-related inquiries whole by providing where appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make Hudetts, Meyer, Smith, and Thurman as well as the class of qualified applicants who were denied employment because of disability and the class of applicants subjected to unlawful disability-related inquiries whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant Employer to make Hudetts, Meyer, Smith, and Thurman as well as the class of qualified applicants who were denied employment because of disability and the class of applicants subjected to

unlawful disability-related inquiries by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice.

F. Order Defendant Employer to pay Hudetts, Meyer, Smith, and Thurman as well as the class of qualified applicants who were denied employment because of disability and the class of applicants subjected to unlawful disability-related inquiries punitive damages for its malicious and reckless conduct, as described in paragraph 8, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

/s/ Laurie A. Young
LAURIE A. YOUNG, #11480-49
Regional Attorney

/s/ Michelle Eisele
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

/s/ Aarika D. Mack-Brown
AARIKA D. MACK-BROWN
Trial Attorney, #25006-49
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

               101 W. Ohio Street, Suite 1900
               Indianapolis, IN  46204
               (317) 226-5049
               Fax: (317) 226-7228
               Aarika.Mack-Brown@eeoc.gov