UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:12-cv-0275-SEB-TAB |
| CELADON TRUCKING SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS TO BIFURCATE TRIAL AND DISCOVERY, TO AMEND THE CASE MANAGEMENT PLAN, AND FOR CLARIFICATION**

**I.     Introduction**

Plaintiff Equal Employment Opportunity Commission alleges that Defendant Celadon Trucking Services violated the Americans with Disabilities Act by engaging in a pattern or practice of making disability-related inquires and conducting pre-offer medical examinations of driver applicants.  Plaintiff seeks to bifurcate trial and discovery into two stages: the liability and punitive damages stage and the remedial and compensatory damages stage.  Defendant opposes bifurcation and seeks to conduct liability and damages discovery on the entire class and depose approximately 160 class members.

Additionally, Plaintiff moves to amend the Case Management Plan in the event that the Court grants bifurcation.  Plaintiff also seeks clarification of a discovery order compelling the production of certain damages information.  For the reasons below, Plaintiff's motion to bifurcate and for leave to amend the CMP [Docket No. 28] is granted in part and denied in part.  Plaintiff's motion for clarification [Docket No. 40] is granted to the extent outlined below.

1

**II.     Discussion**

   *A.     Standard*

Federal Rule of Civil Procedure 42(b) states in relevant part that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  "The district court has considerable discretion to order the bifurcation of a trial . . . ." *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000).  But the Court may only "bifurcate a trial provided that doing so (1) serves the interests of judicial economy or is done to prevent prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment." *Id.*  "Only one criterion—prevention of prejudice or judicial economy—is needed before a court may order bifurcation, but the court must be satisfied that the decision does not unfairly prejudice the non-moving party and does not violate the Seventh Amendment."  *Id.*

   *B.     Efficiency and economy*

The order and allocation of proof in a pattern-and-practice case, "as well as the overall nature of the trial proceedings, differs from a case involving only individual claims for relief" and therefore supports bifurcating trial into two stages.  *Allen v. Int'l Truck & Engine Corp.*, No. 1:02-CV-902-RLY-TAB, 2006 WL 694345, at *1 (S.D. Ind. Mar. 14, 2006); *see also Int'l Bros. of Teamsters v. United States*, 431 U.S. 324, 360 (1977) (explaining that pattern-or-practice claims do not focus on individual hiring decisions at the liability stage).  As noted in *E.E.O.C. v. New Indianapolis Hotels, LLC*, No. 1:10-CV-1234-WTL-DKL, 2012 WL 364052, at *1 (S.D. Ind. Feb. 1, 2012), presenting evidence of damages for over 100 class members to a jury before there is a finding of liability is putting the cart before the horse and "may distract the jury from

making its antecedent determination of liability." In contrast, splitting the proceedings into two stages enables the jury to focus on the discrete tasks at hand. *Id.*

The Court recognizes that in *New Indianapolis Hotels*, the Court bifurcated the trial into two stages but did not bifurcate discovery despite the potential for over 100 class members. 2012 WL 364052, at *2. The Court concluded that bifurcating discovery was unduly burdensome because conducting discovery on applicant-class members' individual damages after liability is decided necessitates that another jury be empaneled. *Id.* But even the Defendant acknowledges that it is well established that courts must consider the issue of bifurcation on a case-by-case basis. [Docket No. 35 at 2 (citing *Sams Hotel Grp. LLC v. Environs, Inc.*, No. 1:09-CV-0930-TWP-TAB, 2011 U.S. Dist. LEXIS 62275, at *2 (S.D. Ind. June 9, 2011).]

Unlike *New Indianapolis Hotels*, Defendant seeks to depose over 160 class members. [*See* Docket No. 35 at 3.] Although the defendant in *New Indianapolis Hotels* generally sought to conduct discovery on the 100-member class, nothing in that case indicates that the defendant sought to conduct as extensive discovery as Defendant seeks and depose an entire class consisting of over 160 members. *See* 2012 WL 364052, at *2 n.2. While bifurcating discovery is a close call in this case, when considering this distinction the Court finds that conducting extensive damages discovery for over 160 class members prior to any finding of liability is more likely to result in greater inefficiencies. Therefore, trial and discovery shall be bifurcated into two stages.

  C. *Prejudice*

Defendant asserts that bifurcation is prejudicial because access to the entire class is necessary to assess liability and to determine whether each class member is a "qualified

individual" under the ADA.  [Docket No. 35 at 3–4.]  Defendant also contends that it intends to move for summary judgment, which would eliminate liability for most class members.  [*Id.* at 5.]  However, these objections are based on a faulty premise: that liability must be established for each individual class member.

Plaintiff's theory in this case is that Defendant engaged in an illegal pattern or practice in violation of the ADA.  [Docket No. 28 at 2.]  In a pattern-or-practice suit, the plaintiff is "not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy."  *Int'l Bros. of Teamsters v. United States*, 431 U.S. 324, 360 (1977); *see also Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716–17 (7th Cir. 2012) (explaining that at the liability stage of a pattern-or-practice suit the focus is not on individual hiring decisions, but on a pattern of discrimination).  This is so because "the proof of the pattern or practice supports an inference that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy."  *Teamsters*, 431 U.S. at 362.  Thus, the plaintiff "need only show that an alleged individual discriminatee unsuccessfully applied for a job and therefore was a potential victim of the proved discrimination."  *Id.*

Accordingly, it is unnecessary to conduct liability discovery on the entire class—especially when it would largely relate to the medical history of individual class members—because a pattern-or-practice suit is not based on individual hiring decisions but on a pattern or practice of discrimination.  Similarly, summary judgment would not eliminate individual class members based on an individual's ability to "qualify" under the ADA, but would focus on whether a discriminatory pattern or practice was in place in violation of the ADA.

Thus, the Court does not find there is sufficient prejudice to overcome bifurcation.

      *D.*     *Punitive damages*

Plaintiff wishes to address punitive damages at stage one because they "can only be properly adjudicated by a jury that has heard all of the pattern or practice evidence." [Docket No. 29 at 3.] The Court disagrees that only a stage one jury can properly decide punitive damages.

Punitive damages are frequently considered after the liability stage. *See E.E.O.C. v. Int'l Profit Assoc. Inc.*, No. 01–C–4427, 2007 WL 3120069, at *17 (N.D. Ill. Oct. 23, 2007); *E.E.O.C. v. Dial Corp.*, 259 F. Supp. 2d 710, 713 (N.D. Ill. 2003). This approach is further supported by constitutional considerations. *See E.E.O.C. v. Sterling Jewelers, Inc.*, 788 F. Supp. 2d 83, 90 (W.D.N.Y. 2011) ("EEOC's proposed scheme of assessing punitive damages on a class-wide basis before any determination is made as to the actual harm caused by that policy is inconsistent with the principles articulated in *State Farm* and *Philip Morris USA*. Rather than ensuring a 'proportional relationship' between compensatory and punitive damages, as *State Farm* instructs, the EEOC's plan seeks to completely divorce any relationship between those determinations.").

Thus, punitive damages shall "be determined after proof of liability to individual plaintiffs at the second stage of a pattern or practice case, not upon the mere finding of general liability to the class at the first stage." *Id.*; *see also Lemon v. Int'l Union of Operating Eng'rs, Local 139*, 216 F.3d 577, 581 (7th Cir. 2000) ("[T]o win punitive damages, an individual plaintiff must establish that the defendant possessed a reckless indifference to the plaintiff's federal rights—a fact-specific inquiry into that plaintiff's circumstances."). This necessarily means that there will be some inefficiencies in recycling evidence from the liability stage at

stage two. Perhaps these inefficiencies can be minimized by stipulations or even a more focused stage two presentation based on experience derived from the liability stage. Regardless of these possible shortcomings, constitutional requirements cannot be sacrificed for litigation efficiencies.[1] Punitive damages shall be addressed at stage two.

   *E.   Failure-to-rehire claims*

Defendant raises a valid concern about how to handle Plaintiff's failure-to-hire claims, which are distinct from Plaintiff's pattern-and-practice claim. Whether to bifurcate these claims or deal with them entirely at stage one will ultimately have to be addressed by the trial judge as the case progresses. However, considering that these claims deal with only a relatively small number of class members, the parties should proceed as if all issues related to these claims will be addressed at stage one. Thus, all discovery related to the failure-to-hire claims, including damages discovery, shall be conducted at stage one.

   *F.   Motion for clarification*

The Court's February 22, 2013, discovery order [Docket No. 39] addressed—without the benefit of having fully considered Plaintiff's motion for bifurcation—whether Plaintiff is required to produce discovery responsive to Defendant's Interrogatories 10 and 14. Interrogatory 10 requests that Plaintiff "detail each and every item of damages" for "the alleged class of applicants for trucking positions." Interrogatory 14 requests information regarding DOT medical certifications and Commercial Driver Licenses.

In light of the above ruling, Plaintiff need not produce discovery at stage one responsive

---

[1]Although evidence may be presented twice, the same issues are not being tried and therefore the Seventh Amendment prohibitions are not implicated. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1128 (7th Cir. 1999).

to Interrogatory 10 to the extent that such information relates to Plaintiff's pattern-or-practice claim. However, Plaintiff shall produce within 14 days discovery responsive to Interrogatory 10 to the extent that it relates to Plaintiff's failure-to-hire claims. With respect to Interrogatory 14, Plaintiff's shall produce any DOT medical certifications and Commercial Driver License information for the class members identified as part of Plaintiff's pattern-or-practice claim and failure-to-hire claims. In the event that there is a finding of liability at stage one, the Court will address the scope of stage two discovery at that time and Defendant may seek to have all documents responsive to Interrogatories 10 and 14 produced.

### III.     Conclusion

For the reasons above, Plaintiff's motion to bifurcate trial and discovery [Docket No. 28] is granted in part and denied in part. Trial and discovery shall be bifurcated for Plaintiff's pattern-or-practice claim. Stage one shall address liability issues and stage two shall address remedial issues, including compensatory and punitive damages. The parties shall proceed as if all aspects of Plaintiff's failure-to-hire claims, including damages, will be addressed at stage one. The parties shall confer and file an amended Case Management Plan for the Court's approval within 14 days. Additionally, Plaintiff's motion for clarification [Docket No. 40] is granted in part and denied in part and Plaintiff shall produce the above outlined documents within 14 days.

DATED: 04/18/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michelle Eisele
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
michelle.eisele@eeoc.gov

Aarika D. Mack-Brown
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
aarika.mack-brown@eeoc.gov

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

David J. Pryzbylski
BARNES & THORNBURG LLP
dpryzbylski@btlaw.com

Miles Ezekiel Shultz
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
miles.shultz@eeoc.gov

Laurie A. Young
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
legal.station@eeoc.gov