IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:12-cv-275-SEB-TAB ) |
| CELADON TRUCKING SERVICES, INC., | ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL
A PROPER RULE 30(b)(6) DEPONENT**

The motion to compel pending before the Court [Docket No. 71] is part of ongoing litigation initiated by Plaintiff Equal Employment Opportunity Commission alleging that Defendant Celadon Trucking Services, Inc. violated the Americans with Disabilities Act by refusing to hire applicants with disabilities. [Docket No. 1.] This latest discovery dispute arises out of the EEOC's deposition of Celadon Trucking's current director of recruiting, David Chesterman. The Court preliminarily ruled in a telephonic status conference that Chesterman was a proper Rule 30(b)(6) deponent. [*See* Docket No. 68.] For the reasons set forth below, the EEOC's motion to compel a proper Rule 30(b)(6) deponent is denied.

On July 29, 2013, the EEOC sent Celadon Trucking notice of its intention to conduct a Rule 30(b)(6) deposition concerning Celadon Trucking's personnel policies on its recruitment, application, and orientation processes for over-the-road truck drivers from 2007 to present.

[Docket Nos. 68, 72-1, 72-2.] Chesterman was deposed under Rule 30(b)(6) on August 13, 2013, to which the EEOC objected. [Docket Nos. 71, 72-3.]

The EEOC argues that Chesterman is not a knowledgeable deponent who can provide sufficient information about Celadon Trucking's recruitment processes from 2007 to present. The EEOC seeks to compel Celadon Trucking to produce a proper deponent who has sufficient knowledge of the Rule 30(b)(6) topics. In response, Celadon Trucking asserts that Chesterman's current position as director of recruiting—in addition to his previously held positions with Celadon Trucking—renders him the most qualified individual to respond to the Rule 30(b)(6) topics.

Local Rule 37-1 encourages counsel to contact the Court for a telephonic conference to resolve any discovery dispute prior to filing a formal motion. On August 16, 2013, the parties did just that. [Docket No. 68.] The Court ruled—without prejudice—that Chesterman was not only a satisfactory Rule 30(b)(6) deponent but also the most qualified Celadon Trucking employee to discuss the Rule 30(b)(6) topics. [*Id.*] The Court further noted that any shortcomings in Chesterman's deposition could be overcome by the EEOC deposing Celadon Trucking's former recruiting manager. [*Id.*] Thereafter, the EEOC briefed and filed the present motion.

The Court's order following the August 16, 2013, status conference left open the opportunity for the EEOC to brief the issue of whether Chesterman was an adequate Rule 30(b)(6) deponent. However, the Court did not intend to encourage briefing of this issue. One purpose of Local Rule 37-1 is to expeditiously address discovery disputes and promote judicial efficiency. Counsel should expect that, absent something new and significant in the briefing, the

preliminary indication received from the Court at the Local Rule 37-1 conference will be the likely outcome of the issues if formally brought before the Court by way of a motion.

Here, the EEOC's briefing did not detail anything significantly new to justify the Court departing from its initial conclusion. In fact, Celadon Trucking's brief thoroughly and persuasively reveals that Chesterman was an acceptable deponent, even though admittedly he was unable to answer some questions posed to him. [*See* Docket No. 73.] Rule 30(b)(6) requires the business entity to prepare a deponent to adequately testify on matters known by the deponent, and also on subjects that the entity should reasonably know. *Sanyo Laser Products, Inc. v. Artista Records, Inc.*, 214 F.R.D. 496, 503 (S.D. Ind. 2003). Rule 30(b)(6) does not promise a perfect deponent, just a knowledgeable one under the circumstances.[1] *See Costa v. County of Burlington*, 254 F.R.D. 187, 190 (D.N.J. 2008) ("Simply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness."); *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005) ("While the rule may not require absolute perfection in preparation . . . it nevertheless certainly requires a good faith effort on the party of the designate to find out the relevant facts.").

Chesterman is Celadon Trucking's current director of recruiting. Under the circumstances, Chesterman was the most qualified individual to respond to the Rule 30(b)(6) topics. Indeed, this was precisely what Chesterman stated under oath as he spent more than five hours discussing an array of topics covering a six-year period. [Docket No. 73 at 584, 593.] In fact, the EEOC has not identified a current Celadon employee who has greater knowledge than Chesterman concerning the Rule 30(b)(6) topics. Moreover, in the days following Chesterman's deposition the EEOC took the depositions of at least four Celadon recruiters, who presumably

---

[1] These circumstances include the fact that Celadon objected to the deposition topics and sought to limit the scope of the deposition, yet the EEOC did not respond.

could help fill in any gaps in Chesterman's testimony. For these reasons, the EEOC's motion to compel a proper Rule 30(b)(6) deponent [Docket No. 71] is denied.

Dated: 11/01/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

David J. Pryzbylski
BARNES & THORNBURG LLP
dpryzbylski@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Aarika D. Mack-Brown
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
aarika.mack-brown@eeoc.gov

Laurie A. Young
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
legal.station@eeoc.gov

Michelle Eisele
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
michelle.eisele@eeoc.gov

Miles Ezekiel Shultz
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
miles.shultz@eeoc.gov